UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHILIP L. STEWART,

                              Plaintiff,

v.                                                   Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Philip Stewart is a natural person residing in the County of Livingston and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC, (hereinafter "Mercantile") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

I

## V. FACTUAL ALLEGATIONS

9. That Plaintiff Philip Stewart incurred a medical debt to Strong Memorial Hospital in 2002. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt, although Plaintiff disputed his liability on the debt.

12. That upon information and belief, after Plaintiff's alleged default on the subject debt, Defendant Mercantile was employed by Strong Memorial Hospital to collect the subject debt.

13. That in or about May of 2008 until August of 2008, Defendant Mercantile made several telephone calls to the home of Plaintiff Stewart in an attempt to collect on the subject debt.

14. That during the aforementioned time interval, Defendant left a pre-recorded voice message on Plaintiff's home answer machine. Defendant stated in said message that they were calling from "The Office of Susan James" and directed Plaintiff to contact the office by calling the toll-free number as provided. Said message did not disclose that Defendant was attempting to collect the debt or otherwise state the purpose of the call.

15. That in accordance with Defendant's instructions and under the belief that he was contacting "The Office of Susan James", Plaintiff called the aforementioned toll-free telephone number. Said call was answered by Defendant, who informed Plaintiff that he was in fact calling "Mercantile."

16. Plaintiff then asked Defendant about the nature of their business. Defendant provided a vague response, stating only that "We handle personal business matters." Plaintiff explained that "The Office of Susan James" had left a message directing him to call said telephone number, which he repeated to Defendant. Plaintiff was then instructed by Defendant to provide his home telephone number.

17. That after Plaintiff had confirmed his identity and contact information, Defendant finally admitted that they were calling to collect a debt Plaintiff allegedly owed to Strong Memorial Hospital. Thereafter, Plaintiff notified Defendant that he was disputing the validity of the subject debt.

18. That during subsequent telephone conversations, Plaintiff again notified Defendant that he was disputing the validity of the subject debt and repeatedly directed Defendant to stop calling his residence. Despite Plaintiff's express directions, Defendant continued to call his residence.

19. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant Mercantile violated 15 U.S.C. §1692c(a)(1), 15 U.S.C. §1692d, 15 U.S.C. §1692d(5), and 15 U.S.C. §1692f, by repeatedly and continuously causing Plaintiff's home telephone to ring with the intent to annoy, abuse and harass even after they had received express directions from Plaintiff to stop calling.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(10), 15 U.S.C. §1692e(11), 15 U.S.C. §1692e(14), and 15 U.S.C. §1692f, by repeatedly using false representations regarding their identity in an attempt to collect on the subject debt when they claimed to be calling from "The Office of Susan James" and when they failed to disclose their formal business name, and by failing to properly disclose to Plaintiff that they were a debt collector.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a)  Actual damages;

(b)  Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c)  Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that the Plaintiff demands trial by jury in this action.

Dated: December 11, 2008

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Plaintiff Philip Stewart affirms that the following statements are true and correct under penalties of perjury:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated: December 11, 2008



 /s/Philip Stewart___
Philip Stewart